UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Roy Taylor, #218898, | ) C/A No. 2:11-2068-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mental Health Counselor, Mr. Hodge, | ) |
| Defendants. | ) |

Plaintiff Tommy Roy Taylor, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at Ridgeland Correctional Institution, a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual Background

Plaintiff alleges, in full, as follows:

"I have been placed on a physcotic (sic) drug called (thorazin) (sic) and I have been on this medication for well over a year now. I have complained to mental health counselor Mr. Hodge several times about issues of thoughts of suicide, thoughts of harming others, having bad dreams in which I sometimes wake up screaming and hollering. I am severely depressed in which I think I have the right to proper mental health treatment."

*Complaint* at 3.

In his prayer for relief, Plaintiff states:

"1) I would like to be transferred to my appropriate custody level institution.
2) I would like to sue for mental health issues that has been caused by the lack of Mr. Hodges unprofessional conduct in the amount of $300,000.00."

*Complaint* at 5.

Plaintiff has also filed attachments to his Complaint. One attachment is a "request to staff member" wherein the Plaintiff seeks a transfer to his "appropriate custody level," alleging his Eight Amendment rights are being violated. SCDC responded as follows, dated October 2010:

> "You didn't get an annual review because you're in lockup. Your disciplinary detention time is scheduled up to 11/27/2012. When you are released from lockup, your custody & security will be re-evaluated. You're currently DD2. You cannot request a transfer until your annual review, if you're eligible at that time."

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint

"lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

B.    Analysis

Plaintiff has named as the sole defendant Mr. Hodge who is a mental health professional. Plaintiff, while acknowledging that he is being given mental health treatment, alleges that Defendant Hodge has failed to provide him with proper mental health treatment. A prisoner, however, is not entitled to the treatment of his choice. In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received

adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."

Furthermore, as to the Plaintiff's request to be transferred, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonell*, 418 U.S. 539, 558-562 (1974). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases).

Cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (*citing Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); and *Brown v. Evatt*, 322 S.C. 189, 470 S.E.2d 848 (1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). In fact, it is well settled that the

placement of inmates into administrative segregation units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D.Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[1] and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)(if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

Since the Plaintiff was committed by a Court of General Sessions to the custody of the SCDC, the choices of where and how the Plaintiff is to be confined are to be determined by the SCDC. Although the Plaintiff seeks a transfer to a more favorable custody classification, Defendants' classification of Plaintiff and institutional placement have not violated the his constitutional rights. *See Wolff v. McDonnell*, 418 U.S. at 558-562; and *Mann v. Leeke*, 73 F.R.D. 264, 265-267 & n. 6 (D.S.C. 1974), *affirmed*, 551 F.2d 307 (4th Cir. 1977) [Table]. *See also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(federal courts are not "to assume the role of super wardens of state penal institutions").

III.    Conclusion

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

cases to determine whether they are subject to any grounds for dismissal].

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

August 29, 2011
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and**

**Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).