IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tommy Roy Taylor, #218898, | ) | |
| | ) | Civil Action No. 2:11-2068-MBS-BHH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Mental Health Counselor, Mr. Hodge, | ) | |
| | ) | |
| Defendant. | ) | |

On August 8, 2011, Tommy Roy Taylor ("Plaintiff"), a South Carolina state prisoner proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 action in this court against Mr. Hodge, a mental health counselor at the Ridgeland Correctional Institution. ECF No. 1. Plaintiff alleges that he has been given Thorazine, a psychiatric medication, for over one year and has experienced suicidal thoughts, thoughts of harming others, and bad dreams. *Id.* at 3. Plaintiff states that he has a right to proper mental health treatment, and requests a transfer to his "appropriate custody level institution" as well as damages in the amount of $300,000. *Id.* at 3 & 5. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A.

On August 29, 2011, the Magistrate Judge issued a Report and Recommendation in which he found that under the Eighth Amendment, a prisoner "is not entitled to the treatment of his choice." ECF No. 9 at 3 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). The Magistrate Judge also found that "[t]here is no constitutional right for a state or federal prisoner to be

1

housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution." *Id.* at 4 (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983)). The Magistrate Judge found that "the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion." *Id.* (citing *Hayes v. Thompson*, 726 F.2d 1015 (4th Cir. 1984)). The Magistrate Judge found that "South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison." *Id.* Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without issuance and service of process. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on September 6, 2011. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

2

In his objections, Plaintiff asserts that the Report and Recommendation "states that [he] did not exhaust [his] adminastrative [sic] remedies threw [sic] the inmate grievance system when in fact [he] did file a Step 1 grievance on this matter." ECF No. 11.  Contrary to Plaintiff's assertion, the Magistrate Judge reviewed the merits of Plaintiff's complaint and did not discuss whether Plaintiff had exhausted administrative remedies.  Plaintiff also states that he "would like for the courts to also investigate this prison because they are disposing of inmates['] correspondances [sic] to the courts because of the treatment we are receiving at this prison." *Id.* Because this objection does not concern Plaintiff's complaint or the Report and Recommendation, the court does not address it.  Plaintiff states no objections to the substance of the Magistrate Judge's analysis, and the court finds that it is not clearly erroneous.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## CONCLUSION

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit.  Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.  Plaintiff's action is dismissed without prejudice and without issuance or service of process.

**IT IS ORDERED.**

                                                s/ Margaret B. Seymour
                                                Margaret B. Seymour
                                                Chief United States District Judge

Columbia, South Carolina
April 2, 2012